**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                        No. 96-4101

JAMES DONNIE SKELTON,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                        No. 96-4566

JAMES DONNIE SKELTON,
Defendant-Appellant.

Appeals from the United States District Court
for the District of South Carolina, at Anderson.
G. Ross Anderson, Jr., District Judge.
(CR-95-834)

Submitted: October 31, 1997

Decided: December 4, 1997

Before HALL, WILKINS, and LUTTIG, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

J. Stephen Welch, THE WELCH LAW FIRM, P.C., Greenwood,
South Carolina, for Appellant. J. Rene Josey, United States Attorney,

A. Bradley Parham, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

James Donnie Skelton appeals, in No. 96-4566, from his conviction and sentence for distribution of and conspiracy to possess with the intent to distribute controlled substances in violation of 21 U.S.C. §§ 841, 846 (1994).* We affirm.

Skelton raises two arguments on appeal. First, he asserts that his conviction violated the Double Jeopardy Clause because it followed the commencement of in rem civil forfeiture proceedings. We note, however, that the forfeiture proceedings at issue are state proceedings. As such, the dual sovereignty doctrine states that the concurrent pro-ceedings are not barred by the Double Jeopardy Clause. While there exists an exception to this doctrine, we find that the circumstances of Skelton's case do not fit within this exception. See Bartkus v. Illinois, 359 U.S. 121, 123-24 (1959). Accordingly, we affirm his conviction.

Skelton next asserts that his "conviction and imprisonment" vio-lates the Eighth Amendment's prohibition against "excessive punish-ment," because he may lose property via a pending civil forfeiture proceeding. We note that Skelton cannot argue at this point that for-feiture of his property constitutes an excessive fine as the forfeiture

_____

*Skelton's appeal in No. 96-4101 was taken from the district court's denial of his motion to dismiss on double jeopardy grounds. On Skel-ton's motion, this appeal was placed in abeyance pending finality in his criminal case. Skelton's appeal in No. 95-4566 raises the identical issue, and accordingly we consider the appeals together.

2

action is still pending in state court. To the extent that he argues that his sentence of 327 months imprisonment is excessive, we note that it falls within both the statutory and guideline ranges and therefore will not be reviewed absent extraordinary circumstances. We do not believe that the possibility of a civil forfeiture provides the extraordinary circumstances necessary to justify review, and accordingly we find no constitutional impediment to Skelton's sentence.

Accordingly, we affirm Skelton's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED